UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PEDRO WONG, individually,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC,        **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff PEDRO WONG alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant DYNAMIC RECOVERY SOLUTIONS LLC.  Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff PEDRO WONG is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Plaintiff is the sole user, possessor, subscriber, and operator of the cellular telephone that Defendant was calling.

6. Defendant DYNAMIC RECOVERY SOLUTIONS LLC ("Dynamic Recovery") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 135 Interstate Boulevard, Suite 6, Greenville, SC 29615; Plaintiff further alleges that Dynamic Recovery is a citizen of the State of South Carolina.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. The Plaintiff previously incurred a debt to BANK OF AMERICA, N.A. Said debt was incurred in transactions made for primarily personal, household, or family purposes.

10. BANK OF AMERICA, N.A. subsequently sold and assigned said debt to INTERNATIONAL COLLECTION SERVICES, LLC, a foreign limited liability company.

11. Defendant Dynamic Recovery was subsequently engaged by INTERNATIONAL COLLECTION SERVICES LLC to attempt to collect this consumer debt.

12. Dynamic Recovery subsequently discovered the Plaintiff's cellular telephone number and began placing repeated automated telephone collection calls to him.

13. Upon answering any of these calls, the Plaintiff was first met by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect him to a live agent.

14. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

15. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

16. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff PEDRO WONG, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates paragraphs 1 through 16 herein.

20. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692f. See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff PEDRO WONG, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC for:

a. actual damages;

    b. statutory damages of $1,000.00;

    c. attorney's fees, litigation expenses, and costs of the instant suit, and;

    d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff incorporates paragraphs 1 through 16 herein.

22. Pursuant to Florida law, Plaintiff seeks a declaration that Defendant' practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff PEDRO WONG, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC for:

    a. actual damages;

    b. statutory damages of $1,000.00;

    c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

    d. attorney's fees, litigation expenses, and costs of the instant suit, and;

    e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of December, 2013.

                              BRET L. LUSSKIN, Esq.

*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069